# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL PAUL PUZEY,

      Petitioner,

v.                                    Civil Action No. 3:14cv30
                                    Criminal Action No. 3:00cr64-2
                                    (Judge Groh)

UNITED STATES OF AMERICA,

      Respondent.

## REPORT AND RECOMMENDATION

On March 10, 2014, *pro se* Petitioner, Michael Puzey, appeared to file a Motion to Vacate under 28 U.S.C. § 2255. On that same date, he was sent a Notice of Deficient pleading. On April 29, 2014, when the petitioner failed to file the form petition, the undersigned issued a Show Cause Order. On May 16, 2014, the petition responded to the Show Cause Order by filing a Motion Pursuant to Rule 36 of the Federal Rules of Criminal Procedure for Correction of a Clerical Error. For the reasons more fully set forth below, it appears that the petitioner did not intend to file a § 2255 petition in the instant case, and the same should be dismissed.

## I. Criminal History

### A. Conviction and Sentence

On December 5, 2000, the petitioner was indicted on 8 counts in a 65 count indictment involving 26 defendants. See 3:00cr57. On December 7, 2000, the petitioner was indicted on 1 count in a one count indictment involving two defendants. See 3:00cr64. The petitioner was found guilty of Counts 1, 38, 44, 54 & 55 in Criminal Case No. 3:00cr57-16 and the sole Count in Criminal Case No. 3:00cr64-02. On October 29, 2001, the Court sentenced the petitioner. With respect to Criminal Action No. 3:00cr57, the petitioner was sentenced to life imprisonment on Count 1; 240 months each

on Counts, 28, 44 and 54, to run concurrently with Count 1; and 480 months on Count 55 also to run concurrently with Count 1. With respect to Criminal Action No. 3:00cr64-2, the petitioner was sentenced to a consecutive five-year sentence.

## II. Facts Surrounding the Habeas Petition

On March 10, 2014, the Clerk of Court received an envelope from the petitioner containing a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 petition"). The petitioner noted that the case number associated with his conviction was "cr-0057, cr-0064." (Doc. 38, p.1). No cover letter accompanied the pleading. Because the petitioner listed both criminal numbers, the case manager assumed he was attempting to file a § 2255 petition in both cases. Accordingly, the petitioner's pleading was used to file a § 2255 petition in both criminal cases.

On that same date the petitioner was sent a Notice of Deficiency in each case with directions that he must file his petition on this Court's approved form. On March 24, 2014, the petitioner complied with the Notice of Deficiency in Criminal Case No. 3:00cr57 and submitted his petition on the Court approved form. On March 28, 2014, a Report and Recommendation ("R&R") was entered recommending that the petition be denied and dismissed with prejudice. On April 10, 2014, the petitioner filed objections. On April 20, 2014, the Court adopted the R&R and dismissed the § 2255 petition with prejudice.

The petitioner did not comply with or respond to the Notice of Deficient Pleading sent to him in Criminal Action No. 3:00cr64. Therefore, on April 29, 2014, the undersigned Magistrate Judge entered an Order directing the petitioner to show cause why his § 2255 petition should not be dismissed without prejudice for failure to submit the required form petition. On May 6, 2014, the

petitioner responded to the Show Cause Order by filing a Motion Pursuant to Rule 36 of the Federal Rules of Criminal Procedure. Rule 36 provides that:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or any other part of the record arising from oversight or omission.

In support of his motion, the petitioner asserts that it was his intention to file his § 2255 in Criminal Case No. 3:00cr57 and not in Criminal Case No. 3:00cr64. The petitioner further notes that the clerk/law clerks should have known this from the body of the petition because he never mentioned any attack on 924(c), which was his crime of conviction in 3:00cr64. Although the petitioner cites no particular relief in his Motion Pursuant to Rule 36, it appears clear that the petitioner does not wish to proceed on the § 2255 petition that was docketed in this case, and in fact, never intended to file a § 2255 petition this case.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the petitioner's Motion (Doc. 45) be **GRANTED**, and the petitioner's § 2255 petition be **DISMISSED** and **STRICKEN** from the active docket of the Court.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk written objections identifying the portions of the Recommendation to which objection is made and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in the waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v.

Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and any counsel of record by electronic means.

DATED: May 20, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE